23-39-94 Kelli Wilson v OH Dept of Mental Health and Addiction Services Oral argument not to exceed 15 minutes per side Mr. Mezabov for the Plaintiff Appellant I'm fine, I got it, I'm good, I'm good, I'm good I know, go ahead, do your argument Good morning, your honors Are we okay? I'm good, I'm good, I'm good, thank you, thank you, I'm good, I'm good All right No broken bones Took one for the team there, thank you Good morning, your honors Good morning Please the court, my name is Mark Mezabov, I'm here on behalf of Kelli Wilson I would request four minutes for rebuttal Very well Your honors, this is a very fact-intensive dispute, I think you can glean that from the factual record But at its core, this case is a failure to accommodate case writ large Ms. Wilson is a disabled individual who on numerous occasions requested reasonable accommodations For the most part, they were not granted In that there is no dispute, going to the heart of the legal issues that this case presents The district court dismissed Ms. Wilson's claims essentially on two grounds First, that she abandoned the interactive process And second, that her claims for failure to accommodate were time-barred We believe that the district court erred on both of these counts And I think with that as an introduction to the case, I think some further comment is warranted That this record teaches, if nothing else, that no matter what the law provides No matter what policies are enacted by an employer, in this case an agency If the people responsible for enforcing these policies or these laws are disinclined to help you These laws and these policies are of little effect And that's apparent from the hostility with which Ms. Wilson's numerous requests for accommodations were received You're saying that, counsel, to say that it was fine for her to abandon the iterative process, the interactive process No, I don't think it was fine for her to abandon it, I don't believe she abandoned it And I don't think the court was correct in the manner in which the court proceeded to make that decision At the very least, there were issues of fact that needed to be resolved there As to who was responsible if there was an abandonment But certainly it's our position that Ms. Wilson never abandoned it What she did was, number one, when she was finally informed that there was this process And that's three years down the road after she had made a host of requests for accommodations And it's interesting that the district court enumerates them on page, I think it's 18, the opinion He talks about three and does not even address the other, I think, seven or eight, whatever they were I think they're at a footnote, but yeah But that's in the record, but the fact is that when she was informed that there was this ADA process She was also informed that there would be a committee And, of course, this is after she was informed that she needed to provide more documentation Well, she had been providing copious amounts of medical documentation over the period of time in which she had been employed Because her problems would flare up She saw the doctor, she asked for FMLA, and they had all these records So she raised the issue of, why do I have to do this again? She was told, I'm not interested, by Maya Jones, that I'm not even interested in looking at that And then Ms. Wilson complained, well, you know, on this committee is Ann Thompson And, in reference to what I just said, she was the one who was spearheading the resistance to anything Ms. Wilson did or said or requested She was told, we're not going to provide Kelly time Why should you get this? You're wasting your time I'm not going to embarrass myself by asking my superiors for assistance Am I incorrect? I thought they granted her all the FMLA time that she requested They didn't resist that, but she basically exhausted all that And now she wants additional time off. Is that correct? Well, what you say, your honor, is true to this point In 2016, her condition was flaring up, and she asked for FMLA leave, that's true And it was granted, that is true They didn't resist that, did they? No, no, not that one, I said, not every one Okay, I thought you said they resisted her all the way, and they denied everything That wasn't my understanding of the record I thought they granted it all until it was all exhausted, and then they I think the period of time that we should fix on is 2016 Yes, they did grant that And yes, as 2017 approached, she was told that she was exhausting her time And that she had two options She could either be terminated, or she could take short-term disability That's the point at which Ms. Wilson raised an objection She said, no, I still have this condition I would like an accommodation for that Certainly there are alternatives to my either being terminated Because I'm capable of performing my duties if you give me some accommodation But her accommodation was just more time off, wasn't that it? She asked for unpaid leave, not for continuous Her accommodation was more time off, right? I mean, there was no other accommodation request She asked for intermittent leave, not for, or paid leave Which means unlimited leave Unpaid leave, I'm sorry Does intermittent leave mean unlimited leave? No, it's Well, it means without a limit, doesn't it? No, she never asked for unlimited leave She never asked for continuous leave Intermittent and unlimited, then Tell me what the difference is Between unlimited Well, one, she was being not paid for her time That's what she asked for Paid time, unpaid time off So she could see the doctor and get help She wasn't seeking But what was the backstop? I mean, she had taken 400 or 500 hours of FMLA And then there was another 2,000 hours of short-term disability That's basically, what, a year and a half of time And you're saying, well, she needed intermittent leave How much, what was it going to be? Was it going to be another 2,000 hours over the What was the employer's Well, what she wanted was the ability to work She was asking for options that would afford her the ability To continue to be employed Short-term disability is not an accommodation Because it doesn't provide for your working But how much time, what was the What were the number of hours that were going to be required? What she wanted to do was get back to work So that she could then roll over And accumulate more hours to earn her Excuse me, to earn her FMLA time Was her short-term disability Wasn't it taken intermittently? Like, not just all at once? That's correct Okay, so was it But she was exhausting You just told us that she was asking for For an ability to take intermittent leave, right? Still do some work, take some leave I thought that was what was happening on On short-term disability Short-term disability puts you on Out of work and gives you You're paid on short-term disability But you're not able to work And because she couldn't work She couldn't accumulate the hours to go back on FMLA To her, FMLA was the godsend Her ability to continue to work And receive Just so I understand the record, sorry When she took short-term disability Like it started on day one And lasted today Just make up a number here 200 And there was It didn't go on and off at all It was just one block period of time Apparently it was You had so many hours that you could But did you have to take them all at once? Like consecutively? That's my question Well, no The time accumulates as you use it Right, so if you Had Needed to go to the doctor Needed some days and times like that You could take one or two days of short-term disability And work The other three days of the week Is that correct? I think that's correct Well, no Not if you had exhausted your FMLA leave That was the problem Right, but we're on short-term disability now So, short-term disability leave You could take two days of short-term disability And work the other three days of the week Only if they granted you that option Well, it seems like they did grant her short-term disability At least until it was exhausted Once The first time it was exhausted was her FMLA Right, and we're past that So my question is about short-term disability Before short-term disability was exhausted Could she take like two days of it One week And then work the other three days of the week No, because she had The only way she could then work Was if they gave her some sort of accommodation Because her FMLA leave Had been exhausted So she ended up then having to take her Short-term disability Like in a In a In a full chunk She couldn't work Yes, yes, correct She didn't work during During any That's why she was off For a period of time When she returned Then she still had This ADA issue Right She kept asking for short-term And she was put off, put off, put off, put off And then things came to a head In March of 2018 After she had already been turned down Repeatedly So what were the dates Just Again, I'm just trying to make sure I understand the record What were the dates that she was just Didn't work a day That she was on short-term disability That was After she was Had asked for Either When she was told Listen, you have two options Short-term disability Or Or terminate She said Well, I'll take the short-term disability Okay, so Then she was off Then she was off For For A year or Until when Six months Six months, I believe Okay And do you know when that was Relative I think she came back in July Of I may be Off on this I think it was July of 18 Okay I think my notes say September of 18 But I could be wrong I Okay But I wasn't clear that it was Okay That's fine Sorry But I want Getting back to the court's Decision We're going to Deny her Her disability claim on the On the Pretense that she Had abandoned the process At the very least We think that Should have gone to a jury Because There was so much In our view Bad faith and hostility Towards her That It's hard to say she Abandoned the process And Discount the possibility That it was the employer That discounted the The process I see you're out of time Any further questions Judge All right You all have your three minutes Rebuttal Thank you Five minutes Rebuttal Four minutes Four minutes, I'm sorry Four minutes, rebuttal Good morning Good morning, your honors My name is Nick Cordova Representing the Ohio Department Of Mental Health And Addiction Services The court should affirm Because no reasonable Accommodation Would have allowed Kelly Wilson To reliably Work In any setting That means that She was not Otherwise qualified For her position As an external Auditor In 2018 And that defeats All of her claims Because she had The burden How come you're Using that As opposed to The district court's Rationale The reason that we Frame it in The court said That she had Abandoned the process In March of 2018 And that the Failure to accommodate Is time barred And then a supplemental Jurisdiction on the State claim But you're arguing She's not otherwise Qualified I'm curious As to why You're kind of Running away From what the District court did We aren't running away From the district court At all The district court Is correct But the district court's Decision Sort of Doesn't clearly Distinguish Between the legal Analysis Between the wrongful Termination The failure to Accommodate claim So we're just trying To put The failure to Accommodate claim Time barred That's correct Yes It dealt with that Distinctly that way And then went In the wrongful Termination Said well She Abandoned The process To get an Accommodation That would have Made her able To work And not be Terminated And because Wilson is relying On a failure Underlying failure To accommodate To establish A wrongful Distinct analysis Of good faith Participation In the interactive Process Who withdrew Who didn't All of that Only becomes Necessary If the court Already finds That Wilson Is otherwise Qualified And that she Has identified A reasonable Accommodation Now we fully Agree That the district Court's Analysis Is correct And I would Like to spend A good amount Of time On discussing That Before you move on You did argue This issue You did preserve it In district court That she's not Otherwise qualified Did you not Yes we did Just that the District judge Didn't rule on it That's correct I guess by him Getting to the Second step He must have Kind of assumed She was otherwise Qualified I assume But there's no Ruling below That's correct The court below Did not find That Kelly Wilson Was otherwise Qualified So you're Attacking it From the first Step You're attacking It all the way Through Yes we're trying To attack Each of the Steps You're not Just relying On the district Court's Now as Judge Nebani Had said You're attacking All the steps Through Which is probably The prudent Thing to do Absolutely Thank you If I may say So but we're Not running away From the district Court's analysis At all Let me Can I ask you A procedural Question Yes You're right About the She's not Otherwise Qualified Was it Error To not Rule on The state Law Failure to Accommodate Claim The court Should have Retained Jurisdiction Over it And then Rejected It on The merits For that Reason I don't Think that Would have Made it An abusive Discretion For the District Court Not to Exercise Supplemental Jurisdiction But the Not otherwise Qualified does Take care Of all Four of Those Claims The disability State and The District Court Says I'm not Exercising Supplemental Jurisdiction Are you Asking to Reverse That And say No you Have to Take Jurisdiction And dismiss It We Didn't Cross appeal The District Court's  Not to   Exercise Supplemental Jurisdiction But the  Qualified does Take care   Those  The District    Exercising Supplemental Jurisdiction          And dismiss The District   I'm not Exercising  Jurisdiction Are you    And say        Didn't  Supplemental Jurisdiction Are you Asking to Reverse That And dismiss It  Didn't Exercise   But the    Exercise    Asking               The Information That She Had Provided Is Prior FMLA Certification So The FMLA Standards Are Different Than The ADA Standards And The Forms Are Different You Can See On Page 2354 Of Her Doctor's Recommendations Had Changed When The Doctor Was Certifying For Short-Term Disability The Doctor Actually Recommended A Different Approach At Times The  Certified That Wilson Was Unable To Do  The FMLA Information Was Dated All It Said Was That It Was Appropriate To  Wilson A Certain Amount Of Leave In A Prior Period That  Already Been Approved   Department And  Department Reaches Out Again A Few Weeks Later And Says If You Have Any Questions Let Us Know So We Can Help You Submit This Documentation To The Department Of Health And We Can Help You To The Department Of       Submit Submit   To    The Department Of                                             Of